UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14021-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALBERT WILLIAMS,

    Defendant.
_____/

FILED by ___ D.C.

AUG 1 4 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE MOTION FOR APPOINTMENT OF NEW COUNSEL [D.E. #190]

**THIS CAUSE** having come on to be heard upon the Defendant's pro se Motion For Appointment of New Counsel [D.E. #190], and this Court having reviewed the motion, the response by Defendant's court appointed counsel, Gary Kollin, and this Court otherwise being advised in the premises, makes the following recommendation to the District Court.

    1.    The Defendant originally filed his pro se Motion For Reduction of Sentence [D.E. #167] on December 3, 2009. That motion was denied by the District Court by entry of an Order dated January 4, 2010 [D.E. #172]. The Defendant's pro se motion [D.E. #167] argued that the recent amendment to the Sentencing Guidelines concerning sentencings in crack cocaine cases justified the reduction of his sentence. Further, the Defendant argued "an anticipated change of law" wherein the Defendant alleged that Congress would be changing the sentence for a criminal activity for which he was convicted, from the "100 to 1 crack cocaine ration to 1 to 1." This Court is not aware of any such reduction. The District Court considered all of the Defendant's arguments set forth in his pro se motion [D.E. #167] and it was denied as referenced by this Court previously herein.

    2.    Subsequently, the Defendant filed a pro se Request For Appointment of a Public Defender [D.E. #174] filed on September 1, 2011, or almost twenty months after the

decision of the District Court denying his pro se Motion For Reduction of Sentence. This Court entered an Order appointing the Office of the Federal Public Defender [D.E. #177] dated September 9, 2011. Shortly thereafter, the Office of the Federal Public Defender moved to withdraw after realizing that their offices were still currently representing an individual whose representation posed a possible conflict with the Defendant. Based upon that motion, the Office of the Federal Public Defender was permitted to withdraw and the District Court appointed Gary Kollin to represent the Defendant [D.E. #180] by Order dated September 15, 2011.

3. There were no pending motions filed by the Defendant at the time that Mr. Kollin was appointed. The appointment was to allow the Defendant to have court appointed counsel to determine if there was any justification for further review on appeal of Judge Moore's denial of the Defendant's pro se Motion For Reduction of Sentence.

4. The Defendant has now filed the motion before the Court alleging ineffective assistance of counsel by Gary Kollin and requesting another attorney be appointed to represent him in regards to his claims that he is entitled to a sentence reduction. The present pro se motion [D.E. #190] was filed by the Defendant on or about August 8, 2012. That motion simply alleges that the Defendant, who is presently serving his sentence in the United States Bureau of Prisons facility in Tucson, Arizona, has only had contact with Mr. Kollin one time since Mr. Kollin was appointed to represent him. Further, the Defendant's pro se motion alleges that all Mr. Kollin has done was send "old motions and do to the fact that I can not read or write he is stating fibrous (sp) facts." The one page motion concludes by saying that the Defendant is seeking someone to help him because he feels the "new amendments" to the crack cocaine law apply to his case.

5.  Mr. Kollin has filed a response to this motion [D.E. #193] dated August 14, 2012. In his response, Mr. Kollin alleges that he mailed the Defendant a comprehensive letter explaining to the Defendant why Mr. Kollin believed there is no merit in any further motion for reduction of sentence. Mr. Kollin also provided the Defendant with copies of the Sentencing Guidelines and copies of the Amendments to the Sentencing Guidelines which are applicable to the Defendant's argument. Mr. Kollin also provided copies of the Defendant's previously denied motion [D.E. #167] and the government's response to that motion [D.E. #169]. Mr. Kollin's response reflects that he was not permitted to send a copy of the PSI to the Defendant because of the confidentiality of the information contained within the PSI and the rules of Federal Bureau of Prisons.

6.  Mr. Kollin's response also references that the Defendant's argument that Congress was going to pass a reduction of the cocaine ration from 1 to 1 from an original ratio of 100 to 1 never occurred. Further, Mr. Kollin states in his response that the Defendant alleges that he was only held responsible for 250 grams of crack cocaine while his PSI actually determined that the Defendant was responsible for 1,000 grams of crack cocaine. Mr. Kollin asserts that he has pointed this fact out to the Defendant in correspondence to the Defendant.

7.  The Defendant is not entitled to new court appointed counsel simply because he does not agree with the advice being given to him by his court appointed counsel. Edwards v. United States, 795 F.2d 958 (11th Cir. 1986). The Defendant's motion does not raise any specific deficiencies in the representation being provided by Mr. Kollin in this matter. Further, there are no motions pending and Mr. Kollin has been appointed by the Court to review the matter and determine whether or not any further motions for reduction

3

of sentence should be filed and/or an appeal of Judge Moore's previous Order denying the Defendant's pro se Motion For Reduction of Sentence.

8. The Defendant's motion is devoid of any allegations that Mr. Kollin's representation falls below the standard applicable in representing defendants in this type of proceeding. Further, Mr. Kollin has appeared before this Court previously in representing defendants involved in federal criminal cases. Mr. Kollin is well qualified to represent the Defendant in regards to the issues raised in this matter. Since the Defendant has not established any justification for appointment of new counsel, this Court will recommend that the Defendant's motion be denied.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's pro se Motion For Appointment of New Counsel [D.E. #190] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _14th_ day of August, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
AUSA Jennifer C. Millien
Gary Kollin, Esq.

Albert Williams
Reg. No. 75917-004
USP Tucson
P.O. Box 24550
Tucson, AZ 85734